[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 INTRODUCTION
The captioned matter has been submitted to the court on a stipulation of facts.
The plaintiff claims that two parcels of real property owned by it are exempt from municipal taxation pursuant to § 47-204 (b) of the General Statutes (all further section references are to the General Statutes) because they are common elements in a planned community. Section 47-204 (b) provides, in relevant part:
 In a condominium or planned community: . . . If CT Page 16129 there is any unit owner other than a declarant, each unit shall be separately taxed and assessed, and no separate tax or assessment may be rendered against any common elements for which a declarant has reserved no development rights.
The facts set out in the following section have been established by the stipulation of the parties.
FACTS
 On December 8, 1987, a certificate of incorporation (the "certificate") which incorporated the plaintiff was filed with the Secretary of the State.
 On January 28, 1988, the plaintiff acquired title to a large tract of land in Madison (the "large tract").
 The plaintiff thereafter received approval from the Madison Planning and Zoning Commission to subdivide the large tract into 145 lots (the "145 lots").
 The certificate makes reference to the large tract, states that the purpose of the plaintiff is to promote the welfare of the owners of the 145 lots, authorizes the directors of the plaintiff to maintain open space within the large tract and to assess owners of the 145 lots to fund the plaintiff's annual budget.
 On May 5, 1988, the plaintiff conveyed ten lots (the "ten lots") from the large tract, and the ten lots are now owned by parties who are strangers (the "strangers") to this law suit.
 On September 28, 1988, the certificate was recorded in the land records of Madison.
 Pursuant to the certificate, the plaintiff is an association, and each stranger, as well as all other owners of lots which were conveyed out of the large tract, are members of the plaintiff.
 Other than the certificate and the deed from the plaintiff conveying the ten lots, no documents have been recorded in the land records of Madison which bear on this case. CT Page 16130
 The plaintiff remains the owner of two lots (the "two lots") which were originally contained in the large tract, each of which was designated as open space in the subdivision approval. No development rights have been reserved as to the two lots, which the plaintiff claims are exempt common elements.
DISCUSSION
In order to come within the exemption contained in § 47-204 (b), the plaintiff must establish that it is a planned community. In §47-202 (23), planned community is defined, in relevant part, as follows:
 "Planned community" means a common interest community that is not a condominium or a cooperative.
Section 47-220 (a), which governs the creation of common interest communities, provides, in relevant part:
 A common interest community may be created pursuant to this chapter only by recording a declaration executed in the same manner as a deed. . . .
The plaintiff claims that the certificate constitutes the kind of declaration required by § 47-220 (a). However, the signatures of the incorporators on the certificate were not witnessed, so that the certificate was not "executed in the same manner as a deed."
Section 47-224 (a) of the General Statutes sets out the components which a § 47-220 (a) declaration must contain. Among other things required by § 47-224 (a) is "a statement that the common interest community is either a condominium, cooperative or planned community. . . ." The certificate contains no such statement, and it also lacks several of the other components required of a declaration by § 47-224 (a).
Although the certificate purports to invest the plaintiff's board of directors with authority to assess the owners of all 145 lots to fund the plaintiff's annual budget (but, peculiarly, does not obligate lot owners to pay those assessments), the ten lots were conveyed by the plaintiff to the strangers before the certificate was recorded, so that the strangers, and their successors, are not bound by the terms of the certificate.
The certificate does not comply with the spirit or the letter of Chapter 828 of the General Statutes concerning the creation of a planned CT Page 16131 community. Therefore, the plaintiff is not a planned community, and it is not entitled to the exemption created by § 47-204 (b).
CONCLUSION
The appeal is denied and judgment is entered in favor of the defendants on all counts.
G. Levine, J.